**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Theresa Tauro, | : |
| Plaintiff, | : Civil Action No.: 1:12-cv-11813 |
| v. | : |
| Allen, Lewis & Associates, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, the Plaintiff, Theresa Tauro, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Theresa Tauro ("Plaintiff"), is an adult individual residing in Marblehead, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Allen, Lewis & Associates, Inc. ("ALA"), is a Florida business entity with an address of 1185 Lane Avenue, Suite 5, Jacksonville, Florida 32205, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ALA and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ALA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $616.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ALA for collection, or ALA was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ALA Engages in Harassment and Abusive Tactics

12. Plaintiff leased a clarinet from the Creditor and failed to make three payments.

13. On or around September 12, 2012, Plaintiff contacted the Creditor in an attempt to settle her outstanding bill.

14. The Creditor informed Plaintiff that her account had been assigned to Defendants for collection and transferred Plaintiff to Mark Ferguson, Defendants' collector.

15. Mr. Ferguson requested that Plaintiff commit to a payment plan of $50.00 a month until the Debt is paid in full.

16. Plaintiff requested that Defendants email her a copy of the original contract creating the Debt for her review and stated that she would contact Defendants after she had reviewed same.

17. Later on the same day, Defendants contacted Plaintiff and requested once again that she pay the Debt.

18. Plaintiff explained she did not have a chance to review the contract and that she would contact Defendants later.

19. In response, Defendants stated that Plaintiff had to set up a payment plan immediately and falsely threatened to file a lawsuit against Plaintiff if she failed to do so.

20. On September 13, 2012, despite having Plaintiff's contact information, Mr. Ferguson called Plaintiff's former place of employment and obtained Plaintiff's current work telephone number.

21. Thereafter, Mr. Ferguson called Plaintiff at her work telephone and asked to speak to Plaintiff's employer.

22. Plaintiff recognized Mr. Ferguson's voice, introduced herself to Mr. Ferguson and asked why he needed to talk to her employer.

23. Although no lawsuit had been filed and no judgment had been issued, Mr. Ferguson falsely stated that he needed to verify Plaintiff's employment.

24. Mr. Ferguson failed to state that he was calling from ALA and to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

25. When Plaintiff refused to transfer Mr. Ferguson to her employer, Mr. Ferguson proceeded to demand that Plaintiff pay the Debt.

26. When Plaintiff informed Mr. Ferguson that she intended to return the clarinet to the Creditor, Mr. Ferguson stated she would be in violation of a contract, that she was not allowed to return the clarinet and that Plaintiff had no idea how much trouble she was in.

27. Mr. Ferguson added that Defendants would send a policeman to Plaintiff in order to seize $170.00 of collection fees.

28. Further, Mr. Ferguson threatened to file a lawsuit against Plaintiff if she failed to pay the Debt.

29. Mr. Ferguson contacted Plaintiff again on September 14, 2012, at her place of employment.

30. Plaintiff informed Mr. Ferguson that she had just returned the clarinet to the Creditor and did not wish to receive any more calls from Defendants.

31. Mr. Ferguson requested that Plaintiff provide a receipt number as proof she had returned the clarinet.

32. Plaintiff told Mr. Ferguson she did not have the receipt at hand and offered to email it to Mr. Ferguson later.

33. However, Mr. Ferguson insisted that Plaintiff provide the receipt.

34. Plaintiff repeated she did not have the receipt.

35. Mr. Ferguson became hostile and argumentative with Plaintiff screaming at Plaintiff to provide the receipt immediately.

36. Moreover, Mr. Ferguson threatened to have Plaintiff arrested if she failed to pay the Debt.

37. Furthermore, Defendants failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

### C. Plaintiff Suffered Actual Damages

38. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

39. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

42. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

43. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

44. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

45. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with imprisonment if the Debt was not paid.

46. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

47. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

48. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

49. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

50. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

51. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

52. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

53. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

56. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

57. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

58. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

59. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 1, 2012

                Respectfully submitted,

                By   */s/ Sergei Lemberg*

                Sergei Lemberg (BBO# 650671)
                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                Attorneys for Plaintiff